# RUPERTO FUENTES ET AL.
## *v.*
## MARCIAL SUAREZ.

San Juan, Equity, No. 953.

PARTIES TO SUIT.

Fraudulent Grantor—When Unnecessary Party.

　　1. In a suit between a grantee and an attaching creditor the grantor in an alleged fraudulent conveyance is not a necessary party. The property would not go back to him in any event.

Certainty—Reference to Other suit.

　　2. A complaint is not sufficiently certain when, in order to understand its terms, it is necessary to refer to another suit.

Uncertainty—Description of Land.

　　3. Where the suit relates to one tract of land which is described, and there is incidental reference to another tract by way of showing separation, it is not necessary that the second piece be described in full.

Opinion filed May 3, 1915.

*Mr. E. B. Wilcox* for plaintiffs.

*Mr. E. F. H. Dottin* for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter comes up on a motion of the defendant to dismiss the suit on three certain grounds. The first is that cer-

tain Maldonados are indispensable parties to the suit and have not been brought in.

1. The bill seems to show that at present the Maldonados have no claim at all to the property. Their claim on the one side was subjected to an attachment at the instance of the present plaintiffs. They were made parties to that suit, the matter was litigated, and, so far as concerns the defendant in this suit, they have no claim at all on that property except subject to the attachment. But it is said that if the deed now attacked from the Maldonados to defendant Suarez be set aside, then the title will go back to the Maldonados and they would have some rights in the matter. This, however, would not be the equitable procedure. The title would never go back to the Maldonados in any except a very technical sense, if any at all. It would go back to the Maldonados subject to all claims of the plaintiffs in this case, and the rights between those two sets of parties have been fought out in the suit at law. The matter often comes up in this way, when a deed is attacked for fraud, and it is claimed that all parties ever interested in the title since the fraud should be made parties; but that is not true. If a person has parted with the title, as these Maldonados profess to have done to Suarez, he has no title left. There is no real interest for him to enjoy. There is, of course, the fact where a proceeding is attacked for fraud, that there is a reflection upon the makers of the deed; but this is not what is meant by a party in interest. A party in interest to a property suit must be one who will have some pecuniary interest in the matter, and the court does not see that the Maldonados will ever in any event have any pecuniary interest in this property. It goes either to Suarez or to Fuentes, but never in any sense does it

Fuentes v. Suarez.

go back to the Maldonados. So far as paying off the judgment is concerned, I presume that could be done just as well now as at any other time under the present situation of the title. So the first ground is refused.

2. The amount of judgment for mesne profits, as set up in the second ground for dismissal, is not averred in the present bill. It seems to the court that this is well taken. Suarez is sued in the alternative in this bill,—either a certain thing is to be done or he is to pay a certain judgment. Of course, he could find out what that judgment is by going to the other suit; but that is not proper pleading. The defendant is entitled to have stated in the complaint or bill what he will have to pay without referring to some other suit. This suit must stand by itself, so that this second ground seems to be well taken.

3. The third ground that the bill makes no proper distinction between two tracts of land referred to does not seem to be well taken. The land which is sought to be subjected in this suit is described in full. That is not contested. There is an incidental reference to some other land transaction between the parties, and that will be a matter of proof whenever they get to an issue. The details of evidence need not be stated in a bill. It seems to the court that enough is stated to lay the ground for taking evidence on the subject.

The result, therefore, is that the motion seems to be well taken on the second ground, and the complainants are allowed five days to meet this; otherwise the bill will be dismissed.